UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE RILEY,

       Petitioner,                             Civil Action No. 12-CV-13517
                                                            HON. BERNARD A. FRIEDMAN

vs.

JOHN PRELESNIK,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

       This matter is before the Court on petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254. Petitioner pled no contest in the Wayne County Circuit Court to two counts of armed robbery, Mich. Comp. Laws § 750.529, one count of car jacking, Mich. Comp. Laws § 750.529a, four counts of kidnapping, Mich. Comp. Laws § 750.349, one count of disarming a police officer, Mich. Comp. Laws § 750.479b(2), two counts of felon in possession of a firearm, Mich. Comp. Laws § 750.224f, two counts of carrying a concealed weapon, Mich. Comp. Laws § 750.227, one count of escape from jail through violence, Mich. Comp. Laws § 750.197c, three counts of felonious assault, Mich. Comp. Laws § 750.82, one count of unlawful driving away of an automobile, Mich. Comp. Laws § 750.413, and two counts of use of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. As a result of these convictions, petitioner was sentenced to a term of 17-to-37 years in prison.

       Petitioner argues that: (1) he was denied the effective assistance of trial counsel; (2) his plea bargain was illusory; (3) his guilty plea was not intelligent, knowing, and voluntary; (4) there was an insufficient factual basis for petitioner's plea; (5) the circuit court scored sentencing guidelines

incorrectly; and (6) petitioner was denied the effective assistance of appellate counsel. The petition will be denied because none of petitioner's claims merit relief. The Court also declines to issue a certificate of appealability and will deny petitioner leave to proceed in forma pauperis on appeal.

## I.      **Background**

The facts surrounding petitioner's conviction were stipulated to at the plea hearing as follows:

> The Defendant, Cortez Rogers, also known as Deandre Riley, assaulted the complainant, in this case Officer Brian Mockeridge, took his service weapon, took a Detroit Receiving Hospital employee at gun point and exited the hospital. The Defendant then commandeered a Medic One ambulance at gun point which was occupied by three technicians and a patient. The Defendant then entered the ambulance and took off with two technicians and a patient still inside. The Defendant then abandoned the vehicle a short distance away.
>
> And just to clarify, it does indicate that Police officer, Brian Mockeridge, and officer, Cassandra Spikes, both assigned to the Western District, conveyed the Defendant to Detroit Receiving Hospital for a psychiatric evaluation. Once the Defendant was at the hospital and on a bed in module one, the nurse, Latisha Jones, asked Officer Mockeridge to reposition the handcuff so that the Defendant could lay down on the bed. When Officer Mockeridge removed one handcuff from the Defendant's right wrist, the Defendant then pushed the Officer into another patient's bed and started hitting him in the stomach and chest area reaching for his service weapon. The Defendant was able to get Officer Mockeridge's weapon and started waiving it around wildly in the air and then racked one round out of the chamber. Officer Constance Spikes attempted to position herself in front of Nurse Jones and attempted to shield her from any gun fire by the Defendant. Nurse Jones fell, causing Officer Spikes to fall and injure her ankle, incapacitating her. The Defendant left the treatment area armed with Officer Mockeridge's weapon, proceeded to the ambulance triage area, grabbed DRH, Detroit Receiving Hospital employee, Japalyn Bentley, by the wrist, held the gun to her head and backed out of the hospital and into the ambulance arrival area. At this point, medical and ambulance arrives in front of the same door that the Defendant exits with Ms. Bentley. The Defendant releases Ms. Bentley at which time Deputy Willy Lewis, who is in the ER, fires one shot from his service weapon at the Defendant, which did not take effect. The Defendant then points the gun at Nate Puchala, who was the driver of the ambulance. The Defendant orders Mr. Puchala to, "Get over, get over." Mr. Puchala slides over to the passenger seat of the ambulance and exits the passenger side. The Defendant enters the driver's side of the ambulance. In the back of the ambulance are EMT, Tiffany Collins,

>student EMT, Kelly Green, and patient, Justin Bradley, being conveyed to the hospital for treatment. The Defendant then drives away from DRH. Student EMT, Kelly Green, exited through the rear door of the ambulance in front of Children's Hospital. Once the ambulance got to Mack and Saint Antoine, patient, Justin Bradley, opened the rear door of the ambulance and jumped out.

Plea Tr. at 25-27.

After his apprehension, petitioner was charged with numerous felonies. He was found competent to stand trial and elected to accept a plea bargain. In exchange for his guilty plea, the prosecutor agreed to dismiss a charge of assault with intent to commit murder and a third-time habitual felony offender sentence enhancement charge. The trial court agreed to impose a 15-to-35 year controlling sentence plus a consecutive two-year term for the firearm offense. Plea Tr. at 13, 17.

At the plea hearing, the circuit court informed petitioner of the nature of the charges and the maximum possible sentence. When the trial court told petitioner that his plea would result in the waiver of certain rights, petitioner indicated his understanding. The Court afforded petitioner the opportunity to withdraw his plea and he declined. Petitioner denied that he was promised anything other than what was stated on the record, or that his attorney, the circuit court, or anyone else coerced him into pleading guilty. Petitioner acknowledged that he understood that he was pleading to multiple offenses with a maximum penalty of life in prison. After waiving his rights and indicating his desire to proceed, the trial court accepted petitioner's no contest plea.

Following his conviction and sentence, petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising the following claims solely with respect to his sentence:

>I. The trial court had an obligation to determine whether defendant was competent at the time of sentence.
>
>II. Defendant was denied his right to a meaningful allocution due to lack of

competency.

The Michigan Court of Appeals denied the application for lack of merit . *People v. Riley*, No. 286150 (Mich. Ct. App. Jul. 30, 2008).  Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court, which it denied in a form order. *People v. Riley*, 482 Mich. 1187 (2008) (table).

Thereafter, petitioner returned to the circuit court and filed a motion for relief from judgment asserting that:

> I. Defendant should be allowed to withdraw his plea because it was not voluntary, knowing, and intelligent.
>
> II. Defendant's pleas should be vacated for having an insufficient factual basis.
>
> III. Defendant's pleas were illusory because the prior convictions were invalid as the circuit court lacked jurisdiction to proceed against him as an adult where he was a juvenile.
>
> IV. Defendant is entitled to resentencing where he was denied due process of law when his variables were scored incorrect and so he was sentenced based on inaccurate information.
>
> V. Defendant was denied the effective assistance of trial counsel.
>
> VI. Defendant was denied the effective assistance of appellate counsel.
>
> VII. Defendant can show cause and prejudice to excuse his failure to raise these claims on direct appeal.

The circuit court denied the motion for relief from judgment, finding that all of his claims lacked merit and were procedurally defaulted under Michigan Court Rule 6.508(D)(3).

Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals. The Michigan Court of Appeals denied the application on the ground that petitioner failed to establish his entitlement to relief under Rule 6.508(D). *People v. Riley*, No. 302339 (Mich. Ct. App.

Sep. 20, 2011). Petitioner requested leave to appeal this decision, but the Michigan Supreme Court similarly denied relief under Rule 6.508(D). *People v. Riley*, 492 Mich. 853 (2012) (table).

## II.     Standard of Review

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal district court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the

doubt.'" *Renico v. Lett*, 559 U.S. 766, 767 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*.

Although 28 U.S.C. § 2254(d) does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority of a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's established precedents. *Id*. Therefore, a petitioner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-787.

### III. Discussion

    A. Claims Challenging Petitioner's Guilty Plea

Petitioner's first four claims challenge the validity of his guilty plea. Petitioner first asserts that his trial counsel was ineffective for failing to ascertain that one of his prior convictions, Wayne County No. 99-9158-01, occurred when he was a juvenile and is invalid because no proper juvenile

court waiver had occurred. As a result, petitioner argues that his attorney should have moved to dismiss the third-time habitual felony offender charge.[1] His second claim is that the plea bargain was illusory because the prior juvenile conviction should have been invalidated. Petitioner's third claim is that he did not voluntarily enter into the plea agreement because of the foregoing error. Finally, petitioner maintains that there was an insufficient factual basis to support the plea. None of these claims merit relief.

Under federal habeas review, it is the duty of respondent to demonstrate that petitioner knowingly, intelligently and voluntarily entered his plea. This is typically accomplished by submission of a presumptively correct plea proceeding transcript. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The totality of the circumstances surrounding the entry of a plea must show that the plea was not coerced by threats or misrepresentations and that the defendant was informed of all the direct consequences of the plea, *Brady v. United States*, 397 U.S. 742, 755 (1970), including potential maximum sentences, *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). A ruling by a state court upholding the validity of the guilty plea is presumed correct, unless there is a showing that the plea proceeding transcript is somehow inadequate to demonstrate that the plea was entered knowingly, intelligently and voluntarily. *Garcia*, 991 F.2d at 326-327.

As to his ineffective assistance of counsel claim, a petitioner must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). The two-part

---

[1] Petitioner was also convicted of a felony firearm offense in Wayne County 01-11126-01, making him at least eligible to be sentenced as a second-time felony offender. He does not allege that this prior conviction was invalid.

*Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the plea context, the first half of the *Strickland* test is the same standard as set forth above. *Id*. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have proceeded to trial. *Id*. On habeas review, the Court employs a "doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013).

Petitioner's first three claims are based on the common premise that one of the prior convictions underlying the third-time habitual offender charge was invalid. This claim was raised in petitioner's motion for relief from judgment, and the trial court rejected it by finding that petitioner had two other prior felony offenses that supported the charge.

The factual finding by the trial court that petitioner had two prior valid convictions, besides the one he challenged, is entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). To overcome this presumption, a habeas petitioner must present clear and convincing evidence that the factual finding is incorrect. *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998). Petitioner has made this showing. In its opinion denying petitioner's motion, the trial court listed Wayne County Case No. 06-014310-01 as one of the prior offenses. However, the defendant in that case appears to be another individual entirely. Moreover, the case is not listed as a prior conviction with the Michigan Department of Corrections, nor do any records of it appear in the Rule 5 materials filed by respondent.

Nonetheless, this factual error has no bearing on the circuit court ruling that petitioner's claims are meritless. First, the fact that petitioner was a juvenile when his first felony conviction occurred does not necessarily mean that it was invalid and could not be counted as a prior conviction for habitual offender purposes. Petitioner's argument is that counsel should have challenged the prior conviction on the ground that no proper waiver occurred from juvenile court. That is a challenge that may or may not have been successful. Petitioner's attorney did not perform deficiently by focusing his attention on negotiating a favorable plea deal in the face of a strong case against petitioner instead of pursuing a challenge to a prior conviction of questionable validity.

Furthermore, the dismissal of the habitual offender charge was not the only consideration given to petitioner in exchange for his plea. The prosecutor also agreed to drop charges of assault with intent to murder, and petitioner does not contest that he would have been at least properly charged as a second-time habitual felony offender. More importantly, petitioner obtained the agreement of the circuit court to impose the particular sentence he eventually received. In view of the foregoing, and the weight of the evidence supporting his guilt, it was not unreasonable for petitioner's attorney to pursue and recommend the plea bargain rather than attempt to challenge the prior conviction.

Moreover, petitioner has not demonstrated that the result of the plea proceeding would have been any different had counsel challenged the validity of the prior juvenile conviction. Petitioner faced the prospect of a life sentence if convicted after trial, and even with a plea deal, he knew he would receive a sentence that would effectively put him in prison for 17-to-37 years. While a successful challenge to the prior conviction could have theoretically reduced petitioner's exposure to a more lengthy sentence, and diminished some of the prosecutor's leverage, there is nothing in

the record to indicate that it would have altered petitioner's decision to accept the plea offer. Consequently, the trial court reasonably decided that petitioner was not denied the effective assistance of counsel.

Petitioner's other challenges are also without merit. Petitioner's plea was not illusory because notwithstanding the validity of his prior conviction, he did in fact receive a substantial benefit for pleading no contest as he obtained the precise sentence for which he had bargained. *McAdoo v. Elo*, 365 F.3d 487, 498 (6th Cir. 2004) (stating that a plea is not illusory where a defendant receives the "bargained for benefit"). Likewise, petitioner's plea was not involuntary or unknowing because he was aware of the maximum sentence he would receive had he been convicted after a trial. *See King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).

Finally, petitioner's challenge to the factual basis underlying his plea is not cognizable because a state circuit court judge's failure to conduct an on-the-record inquiry into the factual basis of a plea does not serve as a basis for federal habeas corpus relief. *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. 2010) (stating that "[t]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea."); *see also Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010). Thus, none of the claims challenging the validity of petitioner's plea demonstrate an entitlement to habeas relief.

B.     Claim Challenging Petitioner's Sentence

Petitioner's fourth claim challenges the scoring of the sentencing guidelines. A habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). District courts have no authority to interfere with

perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Since petitioner's claim that the circuit court improperly scored the sentencing guidelines raises an issue of state law that is not cognizable on habeas review, *see Branan*, 861 F.2d at 1508, petitioner cannot establish any entitlement to habeas relief as a result of his sentence.[2]

## IV.     Certificate of Appealability

A certificate of appealability must issue before petitioner appeals from this opinion and order. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). District courts may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, a district court may not conduct a full merits review. Rather, the Court must limit its examination to a threshold inquiry of the underlying merits of petitioner's claims. *Id.* at 336-337.

In this case, petitioner has not made a substantial showing of the denial of a constitutional

---

[2] Petitioner alleges that his appellate counsel was ineffective for failing to raise his habeas claim during his direct appeal. The claim fails because "there can be no constitutional deficiency in . . . counsel's failure to raise meritless issues." *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999).

right and a certificate of appealability is, therefore, not warranted. The Court further concludes that petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that permission to proceed in forma pauperis on appeal is denied.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: _April 8, 2014___
       Detroit, Michigan